## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**ANNETTE COOKA CLOUD, et al.,**

**Plaintiffs,**

**vs.**                                                    **Civ. No. 06-847  JH/RLP**

**NAVAJO EXPRESS, INC. and**
**KENNETH LEROY O'GEARY,**

**Defendants.**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on four motions: Defendants' motions to dismiss the complaint for lack of personal jurisdiction [Doc. Nos. 5 and 9], and Defendants' motions to dismiss the complaint for improper venue [Doc. Nos. 3 and 7].  Thus, the issue presented by these motions is whether this Court has personal jurisdiction over the Defendants and, if so, whether venue is properly laid in the District of New Mexico.  Because the Court concludes that it does not have personal jurisdiction over Defendant O'Geary and that venue is not proper in this district, Plaintiffs' claims against both Defendants will be dismissed without prejudice.  The motion by Defendant Navajo Express, Inc. to dismiss for lack of personal jurisdiction will be denied as moot.

## FACTUAL BACKGROUND

This case arises from an automobile accident in Montana in March of 2003 that resulted in the death of Raleigh Tristan Cloud.  Plaintiff Annette Cooka Cloud is the mother of Raleigh Tristan Cloud, as well as the personal representative of his estate.  Plaintiff Nichole Cloud is the surviving adult sister of Raleigh Tristan Cloud.  Defendant Navajo Express, Inc. ("Navajo") is a trucking company incorporated in Colorado.  Defendant Kenneth Leroy O'Geary ("O'Geary") was a resident

of Wyoming in March of 2003, though he now resides in Oregon.

According to the Complaint, on March 7, 2003, O'Geary was driving a semi tractor-trailer owned by Navajo westbound on Interstate 90 near Butte, Montana. Decedent Raleigh Tristan Cloud was also driving a sedan westbound on Interstate 90. Plaintiffs allege that when the decedent tried to pass O'Geary in the left passing lane, O'Geary cut off the decedent, causing the decedent to crash into the tractor-trailer driven by O'Geary.

It is undisputed that the accident at issue took place in Montana. In his Affidavit (attached as Ex. A to Doc No. 4), O'Geary attests that he was a resident of Wyoming until October or November of 2004, when he moved to Oregon. O'Geary has never lived in New Mexico, and has only visited New Mexico other than driving through it once or twice for a truck route. The route he was taking on the day of the accident did not begin, end, or pass through New Mexico. O'Geary has no real or personal property in New Mexico, nor does he have an New Mexico address, telephone number, or bank account.

According to the Affidavit of Tom Hrgich, Vice President of Recruiting and Acting Director of Safety for Navajo (attached as Ex. A to Doc. No. 8), O'Geary's cargo on the day of the accident was not related to New Mexico or the transaction of any business by Navajo in New Mexico. Navajo is incorporated in Colorado, and it has its principal place of business in Colorado. Navajo did not hire or train O'Geary in New Mexico, nor does Navajo own any real estate or maintain any offices or terminals in New Mexico. Navajo does not have a New Mexico telephone number, address, or bank account. None of Navajo's managers, officers, directors, or major shareholders is a New Mexico resident. However, Plaintiffs have offered evidence in the form of printouts from Navajo's website showing that it hires drivers in New Mexico (Ex. 1 to Doc. No. 21), and that it has been, at least at

2

some time, registered to do business in New Mexico (Ex. 2 to Doc. No. 21).[1]

On March 3, 2006, Plaintiffs filed their complaint in the Thirteenth Judicial District Court, Cibola County, New Mexico.  They assert claims for negligence of O'Geary and vicarious liability of Navajo, as well as wrongful death and loss of consortium (Count I), and claims against Navajo for negligent hiring, training, and supervision of O'Geary (Count II).   On September 11, 2006, Defendants removed the case to this federal district court.

## LEGAL STANDARD

Motions to dismiss under rule 12(b)(2) of the Federal Rules of Civil Procedure test the plaintiff's theory of jurisdiction as well as the facts supporting the jurisdiction. *See Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 153-54 (2d Cir. 1999). Where, as here, a defendant raises a timely challenge contesting personal jurisdiction, the plaintiff bears the burden of establishing that there is personal jurisdiction over the defendant and that the exercise of personal jurisdiction would not violate due process requirements.  *See Overton v. United States*, 925 F.2d 1282, 1283 (10th Cir. 1991); *Rambo v. Am. S. Ins. Co.*, 839 F.2d 1415, 1417 (10th Cir. 1988); *Jemez Agency, Inc. v. CIGNA Corp.*, 866 F. Supp. 1340, 1342 (D.N.M. 1994) (Burciaga, J.).

At this stage of the proceedings, it is not for the court to resolve disputed facts.  *See Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 290 F.3d 42, 45 (1st Cir. 2002).  Rather, the court '"must accept the plaintiff's (properly documented) evidentiary proffers as true for the purpose

---

[1] Plaintiffs also offered a computer printout of a magazine article stating that Navajo "carries goods throughout the 48 mainland states but operates mostly between Colorado and the West Coast," and a printout showing that Navajo has been a plaintiff, defendant, and garnishee in New Mexico state courts.  Plaintiffs offered no information as to whether Navajo contested personal jurisdiction in those cases in which it had been a defendant, and if so, what the results were.

of determining the adequacy of the prima facie jurisdictional showing.'" *Id.* (quoting *Foster-Miller, Inc. v. Babcock & Wilcox Canada*, 46 F.3d 138, 145 (1st Cir. 1995)).  The court must construe the plaintiff's evidentiary proffers '"as true for the purpose of determining the adequacy of the prima facie jurisdictional showing.'"  *Daynard*, 290 F.3d at 51 (quoting *Foster-Miller, Inc.*, 46 F.3d at 145).

## DISCUSSION

In diversity actions, federal courts have personal jurisdiction only over non-resident defendants to the extent the forum's law permits.  *See Fid. and Cas. Co. of New York v. Philadelphia Resins Corp.*, 766 F.2d 440, 442 (10th Cir. 1985); *Visarraga v. Gates Rubber Co.*, 104 N.M. 143, 146, 717 P.2d 596, 599 (Ct. App. 1986).  Further, in a diversity case a plaintiff must satisfy the requirements of the forum's long arm statute as well as the federal Constitution to establish personal jurisdiction. *Equifax Servs., Inc. v. Hitz*, 905 F.2d 1355, 1357 (10th Cir. 1990).  A district court may exercise authority over a defendant by virtue of either general jurisdiction or specific jurisdiction.

## I.      SPECIFIC JURISDICTION ANALYSIS

"Jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum state is 'specific jurisdiction.'"  *Rambo v. Am. S. Ins. Co.*, 839 F.2d at 1418.  Thus, a court may assert "specific jurisdiction" over a non-resident defendant "if the defendant has 'purposefully directed' his activities at residents of the forum and the cause of action 'arises out of or relates to' those activities." *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1090-91 (10th Cir. 1998) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)).  The fact that an accident occurred in New Mexico, although sufficient to establish that a tort was committed in New Mexico, is not considered purposeful direction of the defendant's activities.  *See Roberts v. Piper Aircraft Corp.*, 100 N.M. 363, 366-67 (Ct. App. 1983) (finding that where

4

defendant sold defective aircraft fuel in Nevada causing plane to crash in New Mexico, but defendant

had no contacts with New Mexico, the defendant lacked minimum contacts and personal jurisdiction

was not valid).

New Mexico's long-arm statute is designed to ensure a close nexus between a non-resident

defendant's activities in the state and the cause of action against which he must defend. *See Winward*

*v. Holly Creek Mills, Inc.*, 83 N.M. 469, 471-72, 493 P.2d 954, 956-57 (1972).  New Mexico's

long-arm statute provides, in pertinent part:

> A. Any person, whether or not a citizen or resident of this state, who in person or through an agent does any of the acts enumerated in this subsection thereby submits himself or his personal representative to the jurisdiction of the courts of this state as to any cause of action arising from:
>
> (1) the transaction of any business within this state;
> (2) the operation of a motor vehicle upon the highways of this state;
> (3) the commission of a tortious act within this state[.]
>
> * * * *
>
> C. Only causes of action arising from acts enumerated in this section may be asserted against a defendant in an action in which jurisdiction is based upon this section.

NMSA 1978, § 38-1-16(A)(1), (2), (3), and (C).

The New Mexico courts have held that long-arm statutes are in derogation of the common

law and therefore must be strictly construed.  *See Worland v. Worland*, 89 N.M. 291, 295, 551 P.2d

981, 985 (1976). As the Honorable Bruce Black, United States District Judge, stated:

> The New Mexico courts use a three-step test to decide whether personal jurisdiction exists over nonresident, out-of-state defendants: (1) the defendant's act must be one of the five enumerated in the long-arm statute; (2) the plaintiff's cause of action must arise from the act; and (3) minimum contacts sufficient to satisfy due process must

be established by the defendant's act.

*Rogers v. 5-Star Mgmt., Inc.*, 946 F. Supp. 907, 910 (D.N.M. 1996) (Black, J.) (quoting *State Farm Mut. Ins. Co. v. Conyers*, 109 N.M. 243, 244, 784 P.2d 986, 987 (1989))(quotation omitted).

It is undisputed that Plaintiffs' causes of action do not arise from O'Geary's or Navajo's transaction of business in New Mexico or their operation of a motor vehicle on New Mexico's highways.  Though either or both Defendants may have performed one of those acts in New Mexico at one time or another, Plaintiff's causes of action in this case do not arise from such acts.  Further, there is no evidence or allegation that either Navajo or O'Geary committed a tortious act in New Mexico giving rise to Plaintiffs' claims.  However, Plaintiffs argue that O'Geary's negligent driving in Montana and Navajo's negligent hiring, training, and supervision in Colorado resulted in harm—in the form of the loss of consortium—to Plaintiff Annette Cooka Cloud in New Mexico.  Doc. No. 21 at p.5.  Plaintiffs further argue that because harm occurred in New Mexico, Defendants are deemed to have committed tortious acts in New Mexico, thus fulfilling Section 38-1-16(A)(3) of the New Mexico long-arm statute.  Although Plaintiffs rely upon *Roberts v. Piper Aircraft Corp.*, 100 N.M. 363, 366 (Ct. App. 1983), they have misconstrued *Roberts*.

In *Roberts*, the plaintiffs sued for the wrongful death of a passenger killed in a New Mexico plane crash caused by defective fuel sold in Nevada and improper repairs performed in Oklahoma and Kansas.  The first issue in the case was whether the out-of-state defendants had committed a tortious act in New Mexico under the long-arm statute.  The defendants argued that New Mexico lacked personal jurisdiction over them because they did not perform any act in New Mexico.  *Id.* at 366.  The New Mexico Court of Appeals disagreed, finding that "when negligent acts occur outside New Mexico which cause injury within New Mexico, a 'tortious act' has been committed within this state."

6

*Id.* (relying on *Gray v. American Radiator & Standard Sanitary Corp.*, 176 N.E.2d 761 (Ill. 1961), in which an Illinois court found that it had personal jurisdiction over the out-of-state manufacturer of a water heater that caused an explosion in Illinois).  The *Roberts* court reasoned that when one places a product in the stream of commerce for consumption in all fifty states, and that product causes an accident in New Mexico injuring a person here, a "tortious act" has been committed in New Mexico.  *See id.*

Unlike both *Roberts* and *Gray* where the accident at issue occurred in the forum state, in this case the accident and resulting death occurred outside this forum, in Montana.  The harm that resulted in New Mexico flows only from the fact that the decedent's mother lives in New Mexico and has suffered a loss or consortium in this state, and results not from any act performed in New Mexico. Under the interpretation urged by Plaintiffs, the site of their residency (and resulting loss of consortium) is the only necessary connection to the forum in order to establish the commission of a tort in New Mexico under Section 38-1-16(A)(3).  However, this would impermissibly extend the reach of the New Mexico long-arm statute such that virtually anyone could be sued here so long as their acts resulted in harm to someone who happened to have a close relative in this state.  Both *Roberts* and *Gray* provide that the tort occurred where the last act necessary to render the actor liable takes place.  The Defendants have performed no act in New Mexico rendering them liable; the sole connection to the forum is Plaintiff Annette Cooka Cloud's presence here.  However, "New Mexico cannot exercise personal jurisdiction over a nonresident defendant solely on the basis of a plaintiff's residency at the time of the lawsuit."  *Swindle v. General Motors Acceptance Corp.*, 101 N.M. 126, 129 (Ct. App. 1984).

Accordingly, the Court concludes that it lacks specific jurisdiction over O'Geary and Navajo

7

because neither has performed an act enumerated in the New Mexico long-arm statute from which
Plaintiffs' claims arise.

## II.    GENERAL JURISDICTION ANALYSIS

Having concluded that it lacks specific personal jurisdiction over the Defendants, the Court
must now determine whether it has general personal jurisdiction over either Defendant.

Where the cause of action does not arise out of or relate to the defendant's forum activities,
a court may exercise "general personal jurisdiction" over the defendant if it has general business
contacts in the forum state. *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1091
(10th Cir. 1998) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415
(1984)). However, in a general jurisdiction situation, as the cause of action is not related to the
contacts, courts impose a higher minimum contacts standard, requiring a plaintiff to demonstrate a
defendant's "continuous and systematic general business contacts." *Id*. (quoting *Helicopteros*, 466
U.S. at 567). Even if a defendant's actions created sufficient minimum contacts, the Court must still
consider whether the exercise of personal jurisdiction over defendant would offend traditional notions
of "fair play and substantial justice." *Burger King Corp*., 471 U.S. at 476 (quotation omitted). This
inquiry requires a determination of whether the district court's exercise of personal jurisdiction over
defendant is reasonable in light of the circumstances surrounding the case. *See id*. at 477-78. The
factors to consider in deciding whether the exercise of jurisdiction is reasonable include: (1) the
burden on the defendant, (2) the forum state's interest in resolving the dispute, (3) the plaintiff's
interest in receiving convenient and effective relief, (4) the interstate judicial system's interest in
obtaining the most efficient resolution of controversies, and (5) the shared interest of the several
states in furthering fundamental substantive social policies. *See Burger King Corp*., 471 U.S. at 477.

The practice of using the inquiries of "minimum contacts" and "traditional notions of fair play and substantial justice" to evaluate general jurisdiction, as well as specific jurisdiction, is followed by the Tenth Circuit.  *Kuenzle v. HTM Sport-Und Freizeitgerate AG*, 102 F.3d 453, 455 n.2 (10th Cir. 1996).

In *Cronin v. Sierra Med. Ctr.*, 2000-NMCA-082 at ¶ 22, 129 N.M. 521, the Court found general jurisdiction over a Texas hospital that placed advertisements in several New Mexico telephone directories, produced television commercials that could be and were viewed by potential customers in New Mexico, and previously performed health care services for other New Mexico customers, reasoning that the hospital intentionally initiated commercial activities in New Mexico for the purpose of realizing pecuniary gain.

Applying these principles, the Court concludes that it lacks general personal jurisdiction over O'Geary.  His affidavit clearly establishes his lack of extensive general business contacts with this forum.  He has never lived here or owned property here, and he has only passed through New Mexico on approximately two occasions.  Nor does it seem likely that further discovery on the matter will alter that conclusion.  Further, the Court does not agree with Plaintiffs' assertion that it should attribute Navajo's contacts with this forum to O'Geary by virtue of his employment relationship with Navajo.  The New Mexico courts have recognized that "[i]t is [a] defendant's activities which must provide the basis for personal jurisdiction, not the acts of other defendants or third parties." *Visarraga v. Gates Rubber Co.*, 104 N.M. 143, 147, 717 P.2d 596, 600 (Ct. App. 1986). Having concluded that the Court lacks both specific and general personal jurisdiction over O'Geary, his motion to dismiss will be granted.

Navajo presents a significantly closer case.  Plaintiffs have presented evidence in the form of

9

website printouts in an effort to demonstrate that Navajo has "continuous and systematic general business contacts" with New Mexico. These include a page from Navajo's own website, which indicates that it hires drivers in New Mexico, among other states. However, there is no information as to how many drivers, if any, Navajo has actually hired in New Mexico, or if it actively solicits drivers in New Mexico. Plaintiffs have also included a printout from the New Mexico Public Regulation Commission which does little to illuminate the question of whether Navajo is curretnly registered or qualified to do business in New Mexico. It lists Navajo's "qualification date" as "August 15, 1939 in New Mexico," and its current status as "process of appeal." The printout has no New Mexico address for Navajo, but lists its registered agent as Henry Mares, again without a New Mexico address. Other than hearsay articles referring to Navajo as an interstate trucking company, the only other evidence of Navajo's contacts with New Mexico is a printout of New Mexico cases involving Navajo as a defendant (six cases), a plaintiff (one case), and a garnishee (one case). The Plaintiffs provide no information as to whether Navajo contested personal jurisdiction in any of the seven cases initiated against it by others.

Again, Plaintiffs request the opportunity to conduct additional discovery on the factual basis for personal jurisdiction over Navajo. Under different circumstances, the Court would be inclined to grant this request, giving Plaintiffs the opportunity to explore through limited discovery the issues of whether Navajo has solicited employees in New Mexico, and how many, whether Navajo has advertised in New Mexico, the number of New Mexico customers served by Navajo, the number of employees trained in New Mexico, etc. However, under the present circumstances such an inquiry would be fruitless. Because the Court concludes that New Mexico is not the proper venue for this case, as explained further below, the Court need not reach the issue of personal jurisdiction over

10

Navajo.  Instead, the Court will grant Navajo's motion to dismiss for improper venue and deny

Navajo's motion to dismiss for lack of personal jurisdiction as moot.

## III.    VENUE ANALYSIS

Both O'Geary and Navajo have moved to dismiss the claims against them on the grounds that

the District of New Mexico is not the proper venue for this case.  The parties agree that 28 U.S.C.

§ 1391(a) controls this issue, as this is a diversity case.  It provides:

> A civil action wherein jurisdiction is founded only on diversity of
> citizenship may, except as otherwise provided by law, be brought only
> in (1) a judicial district where any defendant resides, if all defendants
> reside in the same State, (2) a judicial district in which a substantial
> part of the events or omissions giving rise to the claim occurred, or a
> substantial part of property that is the subject of the action is situated,
> or (3) a judicial district in which any defendant is subject to personal
> jurisdiction at the time the action is commenced, if there is no district
> in which the action may otherwise be brought.

Subsection (1) of the statute does not apply here because all Defendants do not reside in New

Mexico, nor has there been any such showing.  Subsection (2) does not apply because no part of the

events or omissions giving rise to the claim occurred in New Mexico, as more fully explained above.

The only connection to New Mexico is the fact that Plaintiff Annette Cooka Cloud lives in the state.

However, the actual events giving rise to the claims, such as the hiring and training of O'Geary and

O'Geary's allegedly negligent driving, took place in other states.  Finally, Subsection (3) does not

apply because it allows for venue only in such a jurisdiction where any defendant is subject to

personal jurisdiction, but only if there is no district in which the action may otherwise be brought.

O'Geary is not subject to personal jurisdiction in New Mexico, and the Court's jurisdiction over

Navajo is uncertain.  Most importantly, Plaintiffs do not argue that there is no other district in which

this action may be brought; indeed, they expressly acknowledge that there are other possible venues.

11

Therefore, the Court concludes that under Section 1391(a) the Defendants' respective motions to dismiss for improper venue should be granted.

In sum, Plaintiffs' claim against O'Geary will be dismissed for lack of personal jurisdiction and, in the alternative, for improper venue. Plaintiffs' claims against Navajo will be dismissed for improper venue, and Navajo's motion to dismiss for lack of personal jurisdiction will be denied as moot.

**IT IS THEREFORE ORDERED** that Defendant O'Geary's motion to dismiss the complaint for lack of personal jurisdiction [Doc. No. 5], as well as the motions by both Defendant O'Geary and Defendant Navajo to dismiss the complaint for improper venue [Doc. Nos. 3 and 7] are **GRANTED**. Defendant Navajo's motion to dismiss for lack of personal jurisdiction [Doc. No. 9] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that Plaintiffs' complaint is **DISMISSED WITHOUT PREJUDICE**.

_____
**UNITED STATES DISTRICT JUDGE**